IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| ERICKA JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 09 C 2018 |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| CITY of CHICAGO, OFFICER R. LIS and | ) | |
| OFFICER E. WILSON, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Ericka Johnson ("Johnson") filed suit against the City of Chicago ("the City"), Chicago police officer R. Lis ("Lis"), and Chicago police officer E. Wilson ("Wilson") alleging claims under 42 U.S.C. § 1983 and Illinois state law. Defendants have moved to dismiss Johnson's Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) as time-barred. For the reasons stated below, Defendants' Motion to Dismiss is granted with prejudice.

**BACKGROUND**

The following facts are taken from Plaintiff's Amended Complaint and are assumed to be true for purposes of this Motion to Dismiss. *See Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995). Officers Lis and Wilson arrested Johnson on or about May 5, 2007, after Johnson observed Lis and Wilson detain a friend across the street from her aunt's house and approached to ask where her friend was being taken. (Amend. Cmplt. ¶¶ 8, 9, 12.) Lis asked Johnson for photo identification, and she responded that she did not have an ID with her but could provide her ID number. (Amend. Cmplt. ¶ 13.) When Johnson turned to walk away, Lis grabbed Johnson's arm from behind,

1

slammed her into the hood of the squad car, and arrested her. (Amend. Cmplt. ¶ 14.) Lis and Wilson then placed Johnson in their squad car and drove her to the police station. (Amend. Cmplt. ¶ 16.) On the way to the police station, Officer Wilson made sexually suggestive comments to Johnson and told her to "shut up" when she began complaining about pain in her right arm. (Amend. Cmplt. ¶ 18.)

Once she arrived at the police station, Johnson overheard Lis tell a sergeant that the charge against Johnson was "no ID," and the sergeant told Lis that he needed to charge her with something more. (Amend. Cmplt. ¶ 19.) Upon Johnson's request, Wilson eventually brought her to a hospital where photographs of her arms were taken. (Amend. Cmplt. ¶¶ 20-21.) In spite of Johnson's admission that she might be pregnant, Wilson insisted that Johnson submit to x-rays without a pregnancy test. (Amend. Cmplt. ¶ 22.) Johnson spent the night at the police station, and was charged with obstruction of justice and released on bond the next day. (Amend. Cmplt. ¶¶ 23-24.) After her release, Johnson immediately returned to the hospital where doctors informed her that she was having a miscarriage and required additional medical attention. (Amend. Cmplt. ¶ 25.) Because neither arresting officer appeared at her court hearing, the case against Johnson was dismissed. (Amend. Cmplt. ¶ 26.)

Johnson subsequently filed a complaint with the Independent Police Review Authority ("IPRA"), but IPRA found her complaint "Not Sustained." (Amend. Cmplt. ¶ 27.) On April 1, 2009, Johnson filed a complaint in this Court naming the City and "unknown officers." On June 4, 2009, Johnson filed an Amended Complaint naming Lis and Wilson. Counts I and II of the Amended Complaint consist of § 1983 claims against Lis, Wilson, and the City for Excessive Force and False Detention, Arrest, and Imprisonment. (Amend. Cmplt. ¶¶ 28-35.) In both versions of the

Complaint, Counts I and II implicate the City under the theory that Lis and Wilson acted within the scope of their employment such that their employer, the City, is liable. (Cmplt. ¶¶ 32, 35; Amend. Cmplt. ¶¶ 28-35.) Count III is a state law claim for indemnification by the City for Lis and Wilson's actions. Cmplt. ¶¶ 36-38.

## STANDARD OF REVIEW

When considering a motion to dismiss under Rule 12(b)(6), a court must accept as true all facts alleged in the complaint and construe all reasonable inferences in favor of the plaintiff. *See Murphy*, 51 F.3d at 717. To state a claim upon which relief can be granted, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true, . . . 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In analyzing whether a complaint has met this standard, the "reviewing court [must] draw on its judicial experience and common sense." *Ashcroft*, 129 S.Ct. at 1950. A claim has facial plausibility when the pleaded factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See id.* at 1949.

## DISCUSSION

A Court may only grant a Rule 12(b)(6) Motion to Dismiss based on the statute of limitations if the allegations on the face of the plaintiff's complaint clearly show that the claim is time-barred. *See Kauthar SDN BHD v. Sternberg*, 149 F.3d 659, 669 (7th Cir. 1998). The statute of limitations for § 1983 claims is the statute of limitations for personal injury torts in the state where the cause

of action arose. *See Wallace v. Kato*, 549 U.S. 384, 388 (2007). Johnson's cause of action arose in the state of Illinois, where the statute of limitations for personal injury actions is two years. *See* 735 ILCS 5/13-202; *see also Shropshear v. Corp. Counsel of the City of Chicago*, 275 F.3d 593, 594 (7th Cir. 2001).

Furthermore, accrual of a cause of action under § 1983 is governed by federal law. *Wallace*, 549 U.S. at 388. A cause of action under § 1983 accrues when the plaintiff has a complete and present cause of action. *Wallace*, 549 U.S. at 388 (internal citations omitted). Put differently, a claim under § 1983 accrues when a plaintiff knows or should know that her constitutional rights have been violated. *Hileman v. Maze*, 367 F.3d 694, 696 (7th Cir. 2004).

Here, Defendants contend that Counts I and II of Johnson's Amended Complaint are barred by Illinois's two-year statue of limitations, as set forth in 735 ILCS 5/13-202, because Johnson filed her Amended Complaint more than two years after her arrest on May 5, 2007. Indeed, complaints may be dismissed as untimely where a plaintiff does not add a defendant officer to replace a John Doe defendant until after the statute of limitation period expires. *See Baskin v. City of Des Plaines*, 138 F.3d 702, 704 (7th Cir. 1998) (affirming a dismissal on these grounds). Johnson does not contest that Counts I and II are subject to the two-year statute of limitations period or that she filed her Amended Complaint naming Lis and Wilson after the period expired. Instead, Johnson argues 1) that the Court should apply the doctrine of equitable estoppel to allow her claims against Lis and Wilson to proceed and 2) that all of her claims against the City should stand because they were filed before the statute of limitations expired.

Johnson first urges this Court to apply the doctrine of equitable estoppel to preclude Defendants from asserting the statute of limitations defense, hence allowing her claims against Lis

4

and Wilson to stand.  The federal doctrine of equitable estoppel controls even in cases where a federal court is applying a state statute of limitations.  *See Shropshear,* 275 F.3d at 598.  Under the federal doctrine, equitable estoppel suspends the running of the statute of limitations if "the defendant takes active steps to prevent the plaintiff from suing in time, as by promising not to plead the statute of limitations."  *Id.*  Equitable estoppel only applies if affirmative actions by the defendant, such as destruction of evidence, cause the plaintiff to delay in bringing suit.  *See Ashafa v. City of Chicago*, 146 F.3d 459, 462 (7th Cir. 1998).

Here, Johnson asserts that the City concealed the names of Lis and Wilson in its April 28, 2009 answer to Johnson's original Complaint.  In reply to Johnson's allegation that Chicago Police Officers named "Liss and "Schmipf" were the officers involved in the incident, the City responded that it lacked sufficient knowledge to form a belief as to the truth of that allegation.  Johnson claims that the City knew the identity of the officers, and that by failing to respond it deprived her of the opportunity to amend her complaint before the statute of limitations period expired.  However, equitable estoppel is only available if a defendant acted "to prevent, by fraud or deception, the plaintiff from suing on time."  *See Shropshear*, 275 F.3d at 593.  Thus, even where a plaintiff contacted the Chicago Police Department in repeated attempts to obtain the names of the police officers who arrested him, the Seventh Circuit held that equitable estoppel did not apply because the plaintiff failed to allege fraudulent conduct by the Department.  *See Ashafa*, 146 F.3d at 463.  Johnson presents no evidence that the City's response was fraudulent or deceptive, or that the City took "active steps" to prevent her from suing.  *See Shropshear*, 275 F.3d at 593.  Moreover, Johnson does not allege that the City prevented her from obtaining her arrest report or subsequent court documents that identify Lis and Wilson as the arresting officers.  Based on these facts, the Court

finds that the doctrine of equitable estoppel does not apply. Therefore, the Court dismisses Counts I and II of Johnson's Amended Complaint against Lis and Wilson.[1]

Second, Johnson argues that Counts I, II, and III should not be dismissed against the City because her original Complaint was filed within the two-year limitations period, and Counts I, II, and III of that Complaint specifically implicate the City under the theories of respondeat superior and indemnification. This Court finds that Johnson may not proceed against the City under Counts I, II, and III. Although an employee is not a necessary party in a respondeat superior suit against an employer alleging claims under Illinois state law, *see McCottrell v. City of Chi.*, 481 N.E.2d 1058, 1059 (1st Dist. 1985), that principle does not hold true for federal § 1983 causes of action.[2] In § 1983 actions, a municipality may not be held liable under a respondeat superior theory merely because it employs a tortfeasor. *See Ashcroft*, 129 S.Ct. at 1948; *Monell v. New York Dept. of Social Servs.*, 436 U.S. 658, 694 (1978). Instead, a court may hold a municipality liable under § 1983 only when the municipality's own policy or custom inflicts the plaintiff's injury. *See id.; see also Schor v. City of Chi.*, 576 F.3d 775, 779 (7th Cir. 2009). A qualifying "policy or custom" can be an express policy that causes a constitutional deprivation, a widespread practice which is so widely

---

[1] The Court notes that, even though not invoked by Johnson, the related doctrine of equitable tolling allows a plaintiff to file after the statutory period has expired if "despite all due diligence [she] is unable to obtain vital information bearing on the existence of [her] claims." *Cada v. Baxter Healthcare Corp.,* 920 F.2d 446, 457 (7th Cir. 1990). However, equitable tolling does not apply to save Johnson's claims against Lis and Wilson. Essential to a claim of equitable tolling is a showing of due diligence on the part of the plaintiff, *see Shropshear*, 275 F.3d at 595, and Johnson offers no evidence that she made any attempt to obtain Lis and Wilson's names other than relying on the City's Answer to her original Complaint. Furthermore, Johnson still had one week before the statute of limitations expired after Defendants filed their Answer, and made no effort to obtain her previous court file (a public record) or do anything else to ascertain the names of the Officers. Johnson thus has no argument under the doctrine of equitable tolling.

[2] Although Johnson relies for her position on the Seventh Circuit's decision in *Williams v. Rodriguez*, in that case the Court dismissed the plaintiff's federal law § 1983 claims and remanded only the plaintiff's state law claims to proceed on vicarious liability grounds against the City. 509 F.3d 403-06 (7th Cir. 2007).

6

used as to create a custom, or an action by a person with final policymaking authority. *See Roach v. City of Evansville*, 111 F.3d 544, 548 (7th Cir. 1997).

Here, Johnson's claims against the City in Counts I and II are clearly premised on a respondeat superior theory of liability: she alleges that Lis and Wilson's misconduct was within the scope of their employment such that the City is liable under § 1983. Johnson makes no allegation and supplies no evidence that the Lis and Wilson acted pursuant to City of Chicago policy. Because Johnson failed to plead the existence of such a policy, Johnson's claims against the City in Counts I and II are dismissed. *See Ashcroft*, 129 S.Ct. at 1942 (holding that because vicarious liability is inapplicable in § 1983 suits, plaintiffs must plead independent constitutional violations by employers or the government, and Iqbal failed to plead sufficient facts to plausibly show a discriminatory policy).

This Court's dismissal of Counts I and II render Johnson's claim for indemnification against the City moot. Under Illinois law, "a local public entity is empowered and directed to pay any tort judgment or settlement for compensatory damages . . . for which it or an employee while acting within the scope of his employment is liable in the manner provided in this article." 745 ILCS § 10/9-102. Because Counts I and II have been dismissed with respect to all Defendants, no tort claims remain for the City to indemnify. Thus, Count III is also dismissed.

For the reasons stated, Johnson's claims are dismissed with prejudice.

_____
Virginia M. Kendall,
United States District Judge
Northern District of Illinois

Date: November 19, 2009